UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENNIS THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:12-cv-01021-RLY-TAB |
| ) | |
| Dr. WILLIAM WOLFE in his Individual ) | |
| Capacity, VICKI POORE Health Service ) | |
| Administrator, in her Individual Capacity, ) | |
| STACIA HOOVER, ) | |
| ) | |
| Defendants. ) | |

**Entry Granting Motion for Summary Judgment**

For the reasons explained in this Entry, the defendants' motion for summary judgment must be **granted**.

**Background**

Mr. Thomas is currently incarcerated at the Pendleton Correctional Facility ("Pendleton"). In his amended complaint Mr. Thomas alleges that defendants William Wolfe, M.D., Vicki Poore, R.N. and Stacia Hoover, L.P.N., violated his constitutional rights under 42 U.S.C. § 1983. Specifically, Mr. Thomas alleges that he was denied proper pain medication and treatment for a dog bite injury suffered prior to his incarceration. The defendants deny Mr. Thomas's allegations and seek summary judgment on their affirmative defense that Mr. Thomas failed to properly exhaust his administrative remedies before filing this lawsuit as required by the Prison Litigation Reform Act.

**Discussion**

*A. Standard of Review*

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007). The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is the Prisoner Litigation Reform Act ("PLRA"), which requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the

merits).'" *Id.* at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). So here, the defendants bear the burden of demonstrating that Mr. Thomas failed to exhaust all available administrative remedies before he filed this suit. *Id.* at 681.

### *B. Material Facts*

On the basis of the pleadings and the expanded record, and specifically on the portions of that record which comply with the requirements of Rule 56(c), the following facts, construed in the manner most favorable to Mr. Thomas as the non-movant, are undisputed for purposes of the motion for summary judgment:

As an inmate confined at Pendleton, Mr. Thomas was obligated to follow Pendleton's administrative process for resolving inmate grievances. The grievance process begins with the offender contacting staff to discuss the matter or incident subject to the grievance and seeking informal resolution. If the offender is unable to obtain a resolution of the grievance informally, he may submit a formal written complaint (Level I) to the Grievance Specialist of the facility where the incident occurred. If the formal written complaint is not resolved in a manner that satisfies the offender, he may submit an appeal (Level II) within ten (10) working days from the date of receipt of the grievance response. If the offender receives no grievance response within twenty-five (25) working days of the day he submitted the grievance, he may appeal as though

the grievance had been denied. Such that the time to appeal begins on the 26th working day after the grievance was submitted and ends 10 working days later.

Wayne Scaife ("Mr. Scaife") is the Grievance Specialist at Pendleton. Mr. Scaife is the custodian of Pendleton's medical and non-medical grievance records, including the initial grievance documents filed by inmates, as well as responses and appeals.

Pendleton's grievance records reflect that Mr. Thomas filed a single grievance (identified as number 70306) on February 28, 2012. In that grievance, Mr. Thomas alleged he was not receiving proper care or pain relief for his dog bite injury.

A grievance response was submitted by Vicki Poore, R.N. on March 14, 2012, stating that Mr. Thomas' wound was being adequately treated and had healed to the point of being treated with band-aid dressings and that he would be followed by the Chronic Care Clinic.

On May 24, 2012, Mr. Thomas filed his grievance appeal for grievance number 70306.

*C. Analysis*

The defendants argue that Mr. Thomas failed to comply with the requirements of Pendleton's administrative grievance procedures. Specifically, Mr. Thomas failed to exhaust his administrative remedies by: 1) failing to name or describe in his February 28, 2012, grievance any actions of the defendants sufficient to put them on notice of any claim against them; and 2) failing to follow the grievance procedure by filing a timely appeal of a grievance.

The defendants' first argument, that grievance number 70306 was insufficient because it failed to name the defendants is rejected. Mr. Thomas persuasively argues that the defendants have put forth no evidence upon which the court could conclude that Mr. Thomas, or any inmate, was required by Pendleton's grievance process to name the individual defendants in his grievance. In the absence of more specific requirements in the grievance procedure, prisoners are

only required by the PLRA to put responsible persons on notice about the conditions about which they are complaining. *Strong v. David,* 297 F.3d 646, 650 (7th Cir. 2002); *see also Wilder v. Sutton*, 310 Fed.Appx. 10, 15, 2009 WL 330531, *4 (7th Cir. 2009); *Nelson v. Miller*, 570 F.3d 868, fn. 4 (7th Cir. 2009). Without evidence that the grievance process at Pendleton requires more from Mr. Thomas, grievance number 70306 was comprehensible and sufficient to explain the conditions of which he was complaining.

Next, the defendants argue that Mr. Thomas failed to follow the grievance procedure by filing a timely appeal of grievance number 70306. The defendants explain that Mr. Thomas filed a single grievance on February 28, 2012, and that he did not follow the mandated procedure by timely appealing the denial of that grievance. In response, Mr. Thomas argues that he filed a grievance appeal dated May 24, 2012, by handing the grievance appeal to his counselor.

Even assuming that Mr. Thomas did file a grievance appeal on May 24, 2012, the appeal would be untimely. Mr. Thomas filed a single Level 1 grievance on February 28, 2012 with the Grievance Specialist. The grievance procedures require that if the offender receives no grievance response within twenty-five (25) working days of the day he submitted the grievance, he may appeal as though the grievance had been denied. Thus, between April 3, 2012, (the 26th working day following February 28, 2012) and April 17, 2012, (the 36th working day) Mr. Thomas could have appealed the non-response to his grievance. Mr. Thomas, however, did not timely file his appeal. There is no dispute that if a grievance appeal was filed, it was not filed until May 24, 2012.

In reply, Mr. Thomas argues that he could not file a timely appeal because he did not know the appropriate grievance number to place on the appeal because he never received a response to or a receipt for his grievance. It is true that prison staff having the responsibility of

providing prisoners with a meaningful opportunity to raise grievances cannot refuse to facilitate that process and then later argue that the prisoner did not comply with procedures or file in a timely manner. *See Kaba v. Stepp,* 458 F.3d 678, 684 (7th Cir. 2006). However, Mr. Thomas has not supported his claim—that his failure to properly exhaust his administrative remedies was a result of prison employees' misconduct—with citations to admissible evidence as required by Local Rule 56-1(e). See Notice at dkt. 29. For example, Mr. Thomas states that because he was not given a grievance number, he could not file a grievance appeal. But Mr. Thomas does not explain why a grievance number is necessary to file an appeal regarding a grievance to which there was no response or how he came to believe this to be true. There is no indication that Mr. Thomas tried to file an appeal and that it was rejected for failure to include the grievance number. Nor are there any specifics of what any individual prison staff member told him which was misleading. *See Hammel v. Eau Galle Cheese Factory,* 407 F.3d 852, 859 (7th Cir. 2005) ("Summary judgment is not a dress rehearsal or practice run; it is the put up or shut up moment in the lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events.") (internal quotation marks and citations omitted)). *See also Hall v. Bodine Elec. Co.,* 276 F.3d 345, 354 (7th Cir. 2002) ("It is well-settled that conclusory allegations ... without support in the record, do not create a triable issue of fact.").

To the extent that Mr. Thomas suggests that his lack of awareness of the grievance process excused him from complying with the PLRA, 42 U.S.C. § 1997e(a), he is mistaken. The statute "says nothing about a prisoner's subjective beliefs, logical or otherwise about administrative remedies that might be available to him. The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them." *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000), *quoted in Twitty v. McCoskey*, 226 Fed. Appx. 594, 596 (7th Cir.

2007). Administrative remedies were available and it was ultimately Mr. Thomas's responsibility to timely exhaust those remedies, which he failed to do. Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *See Dole,* 438 F.3d at 809.

The defendants have met their burden of proving that Mr. Thomas "had available remedies that [he] did not utilize." *Dale,* 376 F.3d at 656. Mr. Thomas has not identified a genuine issue of material fact supported by admissible evidence which suggests that he was thwarted by prison staff in his attempts to timely file a grievance appeal concerning his claim against the defendants. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Thomas' action should not have been brought and must now be dismissed without prejudice.

The dismissal without prejudice is appropriate under Seventh Circuit case law which holds that "*all* dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004). The Seventh Circuit explained:

> Why should § 1997e(a) ever lead to dismissal with prejudice? States may allow cure of failure to exhaust; or a state may allow litigation in state court without the exhaustion rule that § 1997e(a) adopts for federal litigation. In either case, dismissal with prejudice blocks what may be an appropriate suit. Moreover, if the prisoner does exhaust, but files suit early, then dismissal of the premature action may be followed by a new suit that unquestionably post-dates the administrative decision. If Ford were to file such a suit in federal court the statute of limitations might provide a good defense, but that question should be worked out directly and not be preempted by a dismissal with prejudice.

*Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (*citing Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Morales v. Mackalm,* 278 F.3d 126, 128, 131 (2d Cir. 2002); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003); *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1212-13 (10th Cir. 2003)).

## Conclusion

For the reasons explained above, the motion for summary judgment [DKt. 28] is **granted.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 05/15/2013

RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

DENNIS THOMAS
885970
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

All Electronically Registered Counsel